GREGORIO NIEVES, Plaintiff and Appellee, v. JUAN MELECIO, Defendant and Appellant.

No. 5348. Argued July 29, 1930.—Decided August 1, 1930.

*Armando A. Miranda* for appellant. *R. G. Sugrañes* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

A dismissal of this appeal is sought on the ground that it is frivolous. It appears from the judgment-roll that Gregorio Nieves brought suit in the Municipal Court of Toa Alta against Juan Melecio to recover the sum of $115.33. A judgment by default was entered against the defendant, who

was ordered to pay the amount claimed. He took an appeal to the district court and filed an answer, in which he denied the facts alleged in the complaint. The plaintiff entered a motion for judgment on the pleadings which the district court granted, and the defendant was again adjudged to pay to the plaintiff the said sum. The judgment on the pleadings rested on the grounds set forth in the following excerpt, taken from the statement of the case and opinion of the trial court:

"Subsequently the plaintiff filed a motion for judgment on the pleadings which was set for hearing on April 7, 1930, at which the parties appeared by counsel. As the complaint is verified the answer should also be verified; otherwise, a judgment on the pleadings lies. Tettamanzi et al. v. Zeno, 24 P.R.R. 724.

"As stated before, the said answer appears to have been verified by the attorney for the defendant and not by the defendant himself, and the essential reason set forth by the attorney why the affidavit was made by him and not by said defendant was that the latter resided at El Dorado. The Municipality of El Dorado is included in the Judicial District of San Juan and the attorney for the defendant, Armando A. Miranda, as appears from the record of this case and of which this court takes judicial notice, resides in the Municipality of San Juan, which is also within the judicial district of this court. So that from the fact of the defendant's residing in El Dorado it can not be said that he is absent from the district where attorney Miranda resides. Hence, the attorney in the present case was not authorized to verify the answer in the place of the defendant. (Section 118 of the Code of Civil Procedure.) The said oath is a nullity and therefore the answer is unverified."

Thereupon the defendant appealed a second time. The transcript, which only fills seventeen typewritten pages, was filed in this court on the 28th of last May. On the 6th of the following June, the appellant obtained an extension of thirty days for filing his brief, and similarly a further extension on July 5.

In this situation, on the 21st of the present month of July, the appellee filed a motion to dismiss, setting forth that the appeal is entirely frivolous and has been taken merely for purposes of delay. The hearing of this motion was set for

July 29 and notice thereof was served on the parties on the 21st.

The appellant failed to appear at the hearing of the motion and confined himself to presenting a written petition for a postponement of the hearing on the ground that he had previously made an engagement for July 29 with several clients, who were sailing abroad the following week. The court did not regard the ground advanced for the postponement as sufficient and considered the hearing as held.

If the instant case should not be disposed of on the motion herein, the hearing of the appeal on the merits could not take place until the next November term, perhaps not until the January (1931) term. We say this, because everything seems to bear out the assertion made by the appellee that the tactics employed by the appellant are merely for delay. After considering the matter, the conclusion can not be avoided that the extensions sought for filing the brief are not really justified.

But putting aside these considerations, and going into the essential question involved, we think that the judgment on the pleadings rendered is well-founded and that the appeal is entirely frivolous. In accordance with the law, the defendant himself should have verified the answer. As the town of El Dorado, where the defendant resides, forms a part of the Judicial District of San Juan, where the attorney also resides and where the action was prosecuted, the mere fact of the defendant's residing in the said town did not justify that the answer should have been verified by the attorney and not by the party. Said verification was therefore a nullity, and the resulting situation showed an unverified answer filed to a sworn complaint. In such a case, under the law and the jurisprudence, the complaint must prevail and a judgment of recovery is proper.

The appeal must be dismissed.

Mr. Justice Texidor took no part in the decision of this case.